TIBBETTS & *a. v.* TIBBETTS.

An easement cannot be created except by deed, or by prescription which presupposes a grant.

A provision inserted by the grantor in a deed of land that no hotel shall ever be erected thereon, is not thereby annexed as a right in favor of other land of which the grantor held a mortgage; and an intention to so annex it cannot be shown by parol.

BILL IN EQUITY, setting forth that September 6, 1886, the defendant sold and conveyed to the plaintiffs, with full covenants of warranty, the Melcher hotel property in Groveton, with all the privileges and appurtenances thereunto belonging; that one of the privileges and appurtenances was the right that no tavern or public house should be built on a lot (about one acre) situated on the opposite side of the Grand Trunk Railway, and separated from the Melcher property only by the railway's land; that August 12, 1887, the defendant bought this lot, and, with full notice of the plaintiffs' right and against their protest, immediately began to build, and has since completed and opened, a hotel called the Eagle. The prayer is, that the defendant may be restrained from continuing to maintain and use the building as a hotel. At the hearing it appeared that in 1851 E. G. Bellows and John Eames were seized in fee each of an undivided half of the Melcher hotel lot and of the acre lot. During that year Eames conveyed to Bellows his one half of the Melcher lot. In 1852 E. G. Bellows conveyed his title and interest in both lots to Charles Bellows, so that, May 30, 1854, Charles Bellows was seized in fee of the Melcher hotel and also an undivided half of the defendant's lot, of which John Eames owned the other half. On that day Bellows conveyed the Melcher House and land, "with all the privileges reserved in the deed of John Eames to the Atlantic & St. Lawrence Railroad, restricting them in building and keeping any public house or eating saloon on the premises conveyed to them by John Eames," to Wilson & Baldwin, who, to secure the payment of a part of the purchase-money, gave him a mortgage of the premises, which was afterwards satisfied and discharged. From Wilson & Baldwin, by sundry conveyances, the Melcher property came to the defendant and through her to the plaintiffs.

The defendant's hotel is not, nor is any part of it, on the premises conveyed to the Atlantic & St. Lawrence Railroad by John Eames. September 2, 1854, Bellows and Eames conveyed the defendant's lot, on which her hotel stands, by deed containing, immediately after the description of the lot, words as follows, viz., "providing that no tavern or public house be built upon the same," to Danforth and Richey, from whom it came by various conveyances to the defendant.

The plaintiffs offered to show that Eames, when he conveyed to E. G. Bellows in 1851 one half of the Melcher hotel lot, agreed orally with said Bellows, and that Charles Bellows, when he conveyed the property to Wilson & Baldwin, agreed orally with them, and also that Eames agreed orally with Charles Bellows and with Wilson & Baldwin, that no hotel should ever be built on the lot now owned by the defendant, and that it was in pursuance and performance of their said agreements that Bellows and Eames caused to be inserted in their deed to Danforth and Richey the words above quoted.

The court rejected the evidence and dismissed the bill, and the plaintiffs excepted.

*O. Ray* and *Ladd & Fletcher*, for the plaintiffs.

*Drew & Jordan* and *E. Aldrich*, for the defendant.

SMITH, J.    May 30, 1854, Charles Bellows conveyed the Melcher lot to Wilson & Baldwin, "with all the privileges reserved in the deed of John Eames to the Atlantic & St. Lawrence Railroad, restricting them in building and keeping any public house or eating saloon on the premises conveyed to them by John Eames." Whether this clause in the deed created an easement or servitude in the railroad lot in favor of the Melcher lot is wholly immaterial. There is no question in this case what the rights of the plaintiffs are in the railroad lot. Wilson & Baldwin took no easement, right, or privilege in the Eagle lot by virtue of their deed from Bellows.

The proviso in the deed of Bellows and Eames to Danforth and Richey, dated September 2, 1854, of the Eagle lot, "that no tavern or public house be built upon the same," did not create an easement in favor of the Melcher lot, for Bellows and Eames did not then own it. The fact that Bellows then held a mortgage of the Melcher lot for the security of a portion of the purchase-money did not give him such an estate in it as that, when he conveyed his undivided half of the Eagle lot with the restriction named, an easement was thereby created in favor of the Melcher lot. He had the legal estate in that lot for the purpose merely of protection of his interests, and when the debt was paid the mortgage was at once thereby discharged.

What remedy Bellows and Eames, or their legal representatives, have for the violation of the restriction in their deed is a question that need not be settled in this suit.

The evidence offered by the plaintiffs of the parol agreements of Bellows and Eames when they conveyed the Melcher lot to Wilson & Baldwin, that no hotel should ever be built on the Eagle lot, was not competent to show an easement in the latter lot in favor of the former. The agreements were by parol, and an

easement cannot be created except by deed, or by prescription which presupposes a grant.

Certain evidence has been reported tending to show that the defendant had actual notice of the restriction in the deed of Bellows and Eames to Danforth and Richey.   There is no question in the case upon which the evidence was competent.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.